IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOWARD BAKER,
#14954-026,

        Petitioner,

v.

ERIC WILLIAMS, WARDEN, FCI Greenville,

        Respondent.

Case No. 20-cv-772-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Howard Baker, a federal prisoner incarcerated at the United States Penitentiary located in Greenville, Illinois ("FCI Greenville"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241.[1]

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

---

[1] Baker filed a prior Section 2241 petition in this District, *Baker v. Werlich,* 2018 WL 264104 (S.D. Ill. Jan. 2, 2018), relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016).

**FACTUAL & PROCEDURAL BACKGROUND**

Baker was convicted of possession with intent to distribute 5 grams or more of a substance containing cocaine base in the Central District of Illinois. *United States v. Baker*, Case No. 09-cr-20055-MPM. The government filed a notice under 21 U.S.C. § 851 of intent to rely on two prior convictions. Case No. 09-cr-20055-MPM, Doc. 10. The sentencing judge found that Baker was a career offender based on the two prior convictions and sentenced Baker to 360 months' imprisonment. Case No. 09-cr-20055-MPM, Transcript of Sentencing Hearing, Doc. 65, p. 54.

Baker filed an appeal arguing that his 360-month sentence was unreasonable. The Seventh Circuit disagreed, noting that "this argument amounts to Baker's dissatisfaction with his increased sentence because of his career offender enhancement, which was properly applied and not challenged during the sentencing hearing or on appeal." *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011).

Next, Baker filed a motion under 28 U.S.C. § 2255 arguing ineffective assistance of counsel. Baker alleged that his counsel had failed to challenge the government's evidence of his two prior drug convictions. In denying the motion, the sentencing judge noted that Baker "ha[d] not provided th[e] court with any possible basis for such an objection." *Baker v. United States*, 12-cv-2221-MPM, Doc. 9, p. 11. Additionally, the court noted that Baker "himself was given the opportunity to object to the use of these convictions at sentencing and specifically agreed that he had been convicted of both offenses." *Id.*

Baker sought permission from the Seventh Circuit to file successive § 2255 motions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S.

Ct. 2243 (2016). Seventh Circuit, Docket Nos. 16-2422 and 17-2067. The Court noted "Baker was designated a career offender based on prior felony convictions for unlawful delivery of a controlled substance, and those convictions are not affected by *Mathis*." Seventh Circuit, Docket No. 17-2067, Doc. 2.

## THE PETITION

Baker again relies on the Supreme Court's decision in *Mathis* to challenge his designation and sentence as a career offender. He argues that his prior Illinois drug offenses should not qualify as felony drug offenses because his prior convictions criminalize a broader range of conduct than its federal counterpart, namely that Illinois' definition of "cocaine" is broader than the federal definition. (Doc. 1, pp. 8-12). He cites to the Seventh Circuit decision in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), to support his position.[2]

Baker's career offender guideline range was 360 months to life imprisonment. (Doc. 79, Criminal Case). Baker's offense carried a statutory maximum penalty of not more than 40 years without the enhancement. *See* 21 U.S.C. 841(b)(1)(B). With the enhancement, the statutory maximum was not more than life imprisonment. *Id*. He asks this Court to vacate his sentence and resentence him without the enhanced sentence. (Doc. 1, p. 12).

---

[2] Baker also relies on *Wadlington v. Werlich*, 2020 WL 1692533 (S.D. Ill. Apr. 7, 2020). *Wadlington* is distinguishable because the statutory penalty range and the pre-*Booker* mandatory USSG were both improperly enhanced to mandatory life. *See id*. at 10 (noting that "[h]is pre-*Booker* life sentence on the attempt count exceeds the 40-year maximum sentence permitted by law for a non-career offender, and as such, presents a miscarriage of justice").

## LEGAL STANDARD

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not

have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002)). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, the petitioner must show that he or she relies on a new statutory interpretation case rather than a constitutional case. Second, the petitioner must show that he or she relies on a decision that could not have been invoked in his or her first Section 2255 motion *and* that case must apply retroactively. Lastly, the petitioner must demonstrate that there has been a "fundamental defect" in his or her conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

## ANALYSIS

Under *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), Baker cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he fails to satisfy the

requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition. While some errors can be raised on direct appeal, these errors cannot be raised in a collateral attack in a Section 2255 motion or a Section 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins*, 706 F.3d 820, supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum").

Indeed, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). The guidelines enhancement and sentencing range that applied to Baker was advisory, not mandatory, because he was sentenced in 2010, well after the *Booker* decision. *See United States v. Baker*, Case No. 09-cr-20055-MPM, Doc. 65 (C.D. Ill. Feb. 16, 2010) ("Criminal Case"). Baker's original 360-month sentence and his reduced 262-month sentence[3] are both well below the maximum 40-year (480 month) cap that would have applied if the court had disregarded his previous drug convictions.

---

[3] On April 1, 2020, Baker successfully pursued a claim under the First Step Act, thereby reducing his prison sentence to 262 months. *United States v. Baker*, Case No. 09-cr-20055-MPM, Docs. 79-80.

*Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Baker's sentence did not exceed the unenhanced statutory 40-year maximum. Therefore, his Petition does not meet the criteria to bring his claim within Section 2255(e)'s savings clause, even if the sentencing court was mistaken in applying the career offender enhancement (USSG § 4B1.1, § 4B1.2).

There is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the career-offender guideline issue raised here by Baker—the use of a prior conviction that would allegedly no longer qualify as a predicate for a guidelines enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit and dictates the dismissal of this action. Baker's claimed error in the enhancement of his statutory sentencing range under 21 U.S.C. § 841 does not alter the analysis, because his ultimate sentence was within the statutory range even without the enhancement.

## DISPOSITION

For these reasons, Baker's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Baker wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Baker plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Baker does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Baker to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

DATED: November 12, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**